IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANN HENEGHAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | **Trial by Jury Demanded** |
| | ) | |
| THE CITY OF CHICAGO AVIATION | ) | FILED: FEBRUARY 5, 2009 |
| POLICE DEPT., DONALD WOJCIK | ) | 09CV0759 |
| in his individual and official capacities, | ) | JUDGE LEINENWEBER |
| NURIA FERNANDEZ, in her individual | ) | MAGISTRATE JUDGE BROWN |
| and official capacities. | ) | EDA |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, ANN HENEGHAN, by and through her attorney, Kristin M. Case of The Case Law Firm LLC, for her Complaint at Law against Defendants and states and alleges as follows:

### Introduction

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., as amended (hereinafter "Title VII"), the Fourteenth Amendment to the United States Constitution (hereinafter "14th Amendment"), and 42 U.S.C. § 1983 (hereinafter "Section 1983").

### Jurisdiction and Venue

2. Jurisdiction is conferred on this Court by the above-named statutes, as well as by 28 U.S.C. § 1331 and § 1343. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391 (b) and (c).

**Factual Allegations**

3. Plaintiff Ann Heneghan ("Plaintiff") is a citizen of the United States and a resident of Chicago, Cook County, Illinois. Plaintiff was formerly employed by the City of Chicago Aviation Police Department as an Aviation Police Officer. Plaintiff worked out of the City's office located in Chicago O'Hare International Airport in Chicago, Cook County, Illinois.

4. Defendant the City of Chicago Aviation Police Department (hereinafter "the Police Department") is a body politic and corporate under Illinois law and is an employer for purposes of Title VII.

5. Defendant Donald Wojcik (hereinafter "Wojcik") is an individual and resident of Chicago, Cook County, Illinois and at all times relevant herein, was a Sergeant for the City of Chicago Aviation Police Department and was one of Plaintiff's supervisors. At all relevant times Defendant Wojcik was acting under color of state law. Plaintiff sues Defendant Wojcik in his individual and official capacities.

6. Defendant Nuria Fernandez (hereinafter "Fernandez") is an individual and resident of Chicago, Cook County, Illinois and at all times relevant herein, was the Commissioner of Aviation for the City of Chicago and was one of Plaintiff's supervisors. At all relevant times Defendant Fernandez was acting under color of state law and had policymaking authority. Plaintiff sues Defendant Fernandez in her individual and official capacities.

7. Plaintiff began working for the Police Department as an aviation police officer in 1998. Throughout her employment she consistently met and/or exceeded the Police Department's expectations.

8. During Plaintiff's time working for the Police Department, Defendant Wojcik subjected her to a continuing violation of severe and pervasive sexual harassment in the workplace, including but not limited to:

a. Defendant Wojcik frequently made sexual comments about Plaintiff's body to Plaintiff or in Plaintiff's presence, including but certainly not limited to telling Plaintiff, while she was pregnant with her first child, that after she delivered the baby she should have her doctor "put an extra stitch" in her vagina to provide her husband with more enjoyment.

b. Defendant Wojcik also frequently made sexually explicit comments about other female aviation police officers' bodies.

c. Defendant Wojcik frequently told jokes that demeaned women or contained sexually explicit content.

d. Defendant Wojcik often referred to women, including female officers, in derogatory terms such as "cunts" and "bitches."

e. Defendant Wojcik regularly referred to other female aviation police officers "shitting out babies" to be excused from work.

f. Defendant Wojcik would tell other officers, in Plaintiff's presence, that Plaintiff "has a hard on for him."

9. Defendant Wojcik made these inappropriate gender-based comments on a near daily basis.

10. Defendant Police Department has a written policy prohibiting sexual harassment. At all relevant times, Defendants failed to follow that policy.

11. Plaintiff frequently told Defendant Wojcik that his conduct was unwelcome and specifically asked him to stop, yet he refused to stop the harassment.

12. Plaintiff made repeated complaints to her superiors regarding Defendant Wojcik's unwelcome and inappropriate gender-based comments. However, nothing was ever done to remedy the sexual harassment.

13. After her repeated verbal complaints were ignored, on July 14, 2006, Plaintiff filed a written complaint with Lieutenant Kenneth Johnson and formally complained about what she reasonably believed to be a hostile working environment resulting from Defendant Wojcik's conduct.

14. No action was taken in response to Plaintiff's complaint.

15. Defendant Wojcik learned of Plaintiff's complaints to Lieutenant Johnson and subsequently began to retaliate against her by threatening her.

16. For instance, on October 28, 2006, Defendant Wojcik asked Plaintiff's mother, who at all relevant times was also an aviation police officer, if Plaintiff had "dropped a dime on him," in other words asking if Plaintiff had made complaints about him. Plaintiff's mother refused to answer and Defendant Wojcik asked her again in a very loud, aggressive, and intimidating manner. Defendant Wojcik, who had a history of violence and aggression within the Department, then physically threatened Plaintiff and her mother.

17. That same day Plaintiff reported Defendant Wojcik's threatening comments to Lieutenant Clarence Zanders. Plaintiff asked Lieutenant Zanders whether she should be scared of Defendant Wojcik and Zanders responded that he did not know. Plaintiff was so physically upset and afraid that Lieutenant Zanders told her she should go home for the day but recommended that she avoid Defendant Wojcik on her way out for her own safety.

18. After she went home that day, Plaintiff sent a follow-up memo to Lieutenant Zanders regarding Defendant Wojcik's threats explaining that she was "afraid for [her] safety." The following Monday, October 30, 2006, Plaintiff discussed this memo with Lieutenant Johnson. Lieutenant Johnson informed Plaintiff that he would send her memo to the City's Sexual Harassment Unit, yet he took no other action to remedy the problem or to protect her from Defendant Wojcik.

19. Because Plaintiff reasonably feared for her safety and because the Police Department failed to remedy Defendant Wojcik's harassment and threats, Plaintiff, who had to work in the same physical space as Defendant Wojcik used her sick and/or vacation time to avoid going to work on the days that Defendant Wojcik would be present.

20. On January 17, 2007, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII.

21. After that Charge was filed, the City's Sexual Harassment Unit investigated Plaintiff's complaints and sustained her allegations. A copy of this finding was forwarded to the Police Department and to Defendant Fernandez. Attached as Exhibit A is a copy of those findings.

22. Despite receiving the Sexual Harassment Unit's findings, the Police Department and Defendant Fernandez continued to refuse to engage in any remedial or corrective action. Further the Police Department and Defendant Fernandez took no corrective measures and continued to force Plaintiff to work with Defendant Wojcik.

23. This on-going refusal to remedy the continuing harassment constituted a systematic policy, practice and custom of allowing supervisor sexual harassment and the creation of a sexually hostile working environment.

24. Because the Police Department and Defendant Fernandez refused to remedy Defendant Wojcik's harassment, Plaintiff remained afraid for her safety and was constructively unable to return to work.

25. Once she exhausted her sick and vacation time, Plaintiff requested a leave of absence, which was a leave option offered by the Police Department, stating again that she would not be able to return to work so long as she had to work with Defendant Wojcik.

26. The Police Department denied Plaintiff's request for leave.

27. On May 21, 2007 Defendant Ferndandez terminated Plaintiff.

28. On May 29, 2007 Plaintiff filed a second Charge of Discrimination with the EEOC adding further allegations of retaliation in violation of Title VII.

29. On January 22, 2009 and January 29, 2009 the Department of Justice issued Notices of Right to Sue for Plaintiff's two Charges. Attached as Exhibit B are copies of those Notices.

## COUNT I – TITLE VII GENDER DISCRIMINATION & SEXUAL HARASSMENT AGAINST DEFENDANT POLICE DEPARTMENT

30. Plaintiff incorporates the preceding paragraphs as though fully set forth herein in this Count I.

31. Defendant Police Department intentionally discriminated against Plaintiff in violation of Title VII when its employees engaged in gender discrimination, including but not limited to, sexual harassment.

32. Plaintiff was subjected to severe and pervasive sexual harassment on a near-daily basis by her male supervisor, Defendant Wojcik. Defendant Wojcik's conduct created a hostile working environment.

33. Plaintiff was subjected to this harassment because of her sex (female). This harassment was both subjectively and objectively offensive.

34. Plaintiff did not participate in the harassment and clearly communicated to Defendant Wojcik and others that she found such conduct offensive.

35. The Department failed to take any reasonable and appropriate corrective measures to stop the harassment which resulted in Plaintiff being constructively unable to work on the days in which she would have to work with Defendant Wojcik.

36. Defendant Police Department engaged in the aforesaid discriminatory acts with malice or with reckless indifference to Plaintiff's federally protected rights under Title VII.

37. As a result Plaintiff suffered damages including but not limited to lost wages, lost benefits and emotional distress.

**WHEREFORE**, Plaintiff requests that this Court:

A. Enter a finding that she was subjected to gender discrimination in violation of Title VII;

B. Enter a finding that she was subjected to a sexually hostile working environment in violation of Title VII;

C. Enter a finding that the Police Department failed to take prompt and appropriate corrective action to stop the gender discrimination and sexual harassment and, indeed, acquiesced and participated in it with malice and reckless indifference for Plaintiff's rights under Title VII;

D. Award Plaintiff lost wages and benefits;

E. Award Plaintiff compensatory and punitive damages in an amount to be proven at trial;

F.        Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action;

G.        Award any further relief this Court deems to be just and appropriate.

### COUNT II – TITLE VII RETALIATION AGAINST DEFENDANT POLICE DEPARTMENT

38.        Plaintiff incorporates the preceding paragraphs as though fully set forth herein in this Count II.

39.        Plaintiff engaged in protected activity when she complained about what she reasonably believed to be sexual harassment and a hostile working environment.

40.        Plaintiff engaged in further protected activity when she filed a Charge of Discrimination with the EEOC against the City of Chicago alleging sexual harassment in violation of Title VII.

41.        After Plaintiff made these complaints and filed her Charge, Defendant Police Department subjected Plaintiff to materially adverse employment actions by forcing her to continue to work with Defendant Wojcik, by constructively causing her to not be able to work on the days in which she was scheduled to work with Defendant Wojcik, by denying her the leave of absence and by, ultimately, discharging her.

42.        Defendant knowingly and willfully engaged in this retaliatory conduct.

43.        As a result of Defendant's retaliation, Plaintiff has suffered damages including but not limited to lost wages, lost benefits and emotional distress.

**WHEREFORE**, Plaintiff requests that this Court:

A.        Enter a finding that she was subjected to retaliation in violation of Title VII;

B.        Award Plaintiff lost wages and benefits;

  C. Award Plaintiff compensatory and punitive damages in an amount to be proven at trial;

  D. Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action;

  E. Award any further relief this Court deems to be just and appropriate.

## COUNT III – SECTION 1983 VIOLATION OF EQUAL PROTECTION AGAINST ALL DEFENDANTS

44. Plaintiff incorporates the preceding paragraphs as though fully set forth herein in this Count III.

45. Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment based on her gender by subjecting her to unequal conditions of employment, whereby Plaintiff was subjected to a hostile working environment and retaliated against because she complained about such conduct.

46. Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment that altered the terms and conditions of Plaintiff's employment and knowingly failed and refused to remedy such conditions.

47. Defendants' actions against Plaintiff violate her equal protection right to be free from discrimination based on her gender as secured by the Fourteenth Amendment of the United States Constitutions and 42 U.S.C. § 1983.

48. Defendants' actions constituted a systematic policy, practice and custom of discrimination, sexual harassment and retaliation against women. At all relevant times, this policy and practice was a continuing violation.

49. Defendants Wojcik and Fernandez were personally responsible for the deprivation of Plaintiff's rights.

50. Defendants' actions were intentional, willful and malicious and/or in deliberate indifference for Plaintiff's Section 1983 rights.

51. As a result of Defendants' violations, Plaintiff has suffered damages including but not limited to lost wages, lost benefits and emotional distress.

**WHEREFORE**, Plaintiff requests that this Court:

A. Enter a finding that Defendants violated Plaintiff's Equal Protection rights when he intentionally sexually harassed her;

B. Award Plaintiff lost wages and lost benefits;

C. Award Plaintiff compensatory damages against Defendants in amounts to be proven at trial;

D. Award Plaintiff punitive damages against Defendant Wojcik and Defendant Fernandez in their individual capacities;

E. Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action;

F. Award any further relief this Court deems to be just and appropriate.

**COUNT IV – SECTION 1983 RETALIATION AGAINST ALL DEFENDANTS**

52. Plaintiff incorporates the preceding paragraphs as though fully set forth herein in this Count IV.

53. Plaintiff engaged in protected activity when she complained about what she reasonably believed to be sexual harassment and a hostile working environment.

54. Plaintiff engaged in further protected activity when she filed a Charge of Discrimination with the EEOC against the City of Chicago alleging sexual harassment in violation of Title VII.

55. Defendants denied Plaintiff's rights secured by the Fourteenth Amendment to the United States Constitution, when they retaliated against her for making these complaints and filing her Charge of Discrimination, by forcing her to continue to work with Defendant Wojcik, by constructively causing her to not be able to work on the days in which she was scheduled to work with Defendant Wojcik, by denying her the leave of absence and by, ultimately, discharging her.

56. Defendants Wojcik and Fernandez were personally responsible for the deprivation of Plaintiff's rights.

57. Defendants knowingly and willfully engaged in this retaliatory conduct, denying Plaintiff equal protection of the law.

58. As a result of Defendants' retaliation, Plaintiff has suffered damages including but not limited to lost wages and emotional distress.

**WHEREFORE**, Plaintiff requests that this Court:

A. Enter a finding that Defendants violated Plaintiff's Equal Protection rights when they retaliated against her for making complaints of sexual harassment;

B. Award Plaintiff lost wages and benefits;

C. Award Plaintiff compensatory damages against Defendants in amounts to be proven at trial;

D. Award Plaintiff punitive damages against Defendant Wojcik and Defendant Fernandez in their individual capacities;

E.    Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action;

F.    Award any further relief this Court deems to be just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY**

                                                Respectfully Submitted,
                                                ANN HENEGHAN

                                                By: /s/ Kristin M. Case
                                                      One of Her Attorneys

Kristin M. Case
The Case Law Firm, LLC
150 North Michigan Ave., Suite 800
Chicago, Illinois 60601
312-920-0400
312-920-0800 (fax)
kcase@thecaselawfirm.com

12