# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 0759 | **DATE** | 9/14/2010 |
| **CASE TITLE** | Heneghan v. City of Chicago et al. | | |

**DOCKET ENTRY TEXT**

Defendant City of Chicago's Motion for Reconsideration [52] is denied. Plaintiff's Petition for Attorneys' Fees [60] is granted in part, and Defendant City of Chicago is ordered to pay $4,038.14 to Plaintiff.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff filed a Motion to Compel against Defendant City of Chicago on April 19, 2010 and presented it to this Court on April 22. At this hearing, Defendant City of Chicago asked for more time to produce the documents at issue, so this Court entered and continued the motion until May 25. On May 25, Defendant again asked for more time, and this Court continued the motion until June 24 and stated that this was the final extension. By agreement, the parties rescheduled this hearing for June 29, at which time this Court granted the motion to compel, including its request for fees. Plaintiff now submits a petition detailing the amount of attorneys' fees associated with her Motion to Compel and asks the Court to award them.

During the hearings for the Motion to Compel, Defendant complained about the over-breadth of the underlying discovery request but never filed a written response to Plaintiff's Motion to Compel or sought a protective order. After the ruling on June 29, Plaintiff filed a fee petition detailing the costs associated with the Motion to Compel, and Defendant filed a Motion to Reconsider the June 29 ruling as well as an Objection to Plaintiff's Fee Petition.

### I. Motion to Reconsider

Defendant asks this Court to reconsider its order granting fees and costs to Plaintiff. Defendant alleges that fees are unwarranted because it acted appropriately and with good faith in regards to the underlying discovery dispute in the case, the discovery requests were unduly burdensome, and that it complied with all orders. The motion also asked for a reduction in fees, but this section of the brief was essentially repeated in Defendant's Objection and will be considered in the next section that discusses the reasonableness of the fees.

Defendant's argument falters because it was Defendant's burden to either produce the requested documents or demonstrate why the request was invalid. If the request was unduly burdensome, Defendant could have argued that issue to the Court and expenses may not have been levied if the position was "substantially justified." *See Anderson v. Hale*, 202 F.R.D. 548, 559 (N.D. Ill. 2001). Instead, Defendant agreed to produce the documents and the Court ordered production by a deadline. Defendant missed the first deadline, was given a second deadline, and then missed the second deadline. Defendant was given an extra

two month period of time after the motion to compel was filed to produce the requested documents. Only after Defendant failed to fulfill its obligations in this period did the Court grant the Motion to Compel and the request for attorneys' fees. Defendant cannot ask for extensions due to the burdensome nature of the discovery request, take advantage of such a period of time, and then continue to claim that its repeated failure to meet deadlines was justified by the burdensome nature of the discovery request. In such circumstances, Rule 37 permits fee-shifting to relieve the requesting party of its costs in pursuing compliance. Plaintiff is not seeking any sanctions for punishment's sake, only costs incurred, and it seems fair that the costs of Defendant's delay should be borne by Defendant, and not Plaintiff. The motion to reconsider is denied.

## II. Fees and Costs

A court must require the party or attorney whose conduct necessitated the motion to compel to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Plaintiff filed her fee petition and Defendant objects to the amount of fees. Plaintiff claimed no costs associated with the discovery dispute but only the attorneys' fees. To determine the reasonableness of attorneys' fees, courts multiply the number of hours reasonably expended on the work by a reasonably hourly rate, a technique known as the lodestar method. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Three different people worked on the matter: a law clerk ($80/hour), first year associate Kate Sedey ($175/hour), and Kristin Case with ten years experience ($275/hour). Defendant did not object to these hourly rates and this Court finds the rates to be reasonable. Based on these rates, Plaintiff requests a total of $6,085.10 in fees. For purposes of judicial review, the Court will break the fees down into six categories. When a single line item contains multiple actions (e.g. reviewed documents *and* emailed opposing counsel), and it is not clear how much time was spent on each individual action, the entire line item will be categorized according to what appears to be the predominant action.

### A. Drafting Motion to Compel

Plaintiff claims that Sedey spent 5.26633 hours preparing the motion to compel and Case spent 0.3 hours reviewing it, for a total of $1,004.11. Defendant agrees that drafting fees can be shifted, but claims that the maximum reasonable time would be 3 hours for Sedey and 0.3 hours for Case, for a total of $607.50.

District courts should exclude hours that were not reasonably expended on the issue. *Id.* at 433. "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* In this case, a first year associate spending slightly over five hours on an eight page motion to compel is reasonable. *See Loudermilk v. Best Pallet Co., LLC*, No. 08 C 6869, 2009 U.S. Dist. LEXIS 110313, at *9 (N.D. Ill. Nov. 25, 2009) (3.5 hours reasonable for five page motion); *Mattenson v. Baxter Healthcare Corp.*, No. 02 C 3283, 2003 WL 22317677, at *1 (N.D. Ill. Oct. 9, 2003) (2 hours reasonable for three page motion). It is also reasonable for a more experienced attorney to spend 0.3 hours reviewing the motion. *See Rosenthal Collins Grp., LLC v. Trading Techs. Int'l, Inc.*, No. 05 C 4088, 2007 WL 1628355, at *1 (N.D. Ill. May 1, 2007). Plaintiff's fees for drafting the motion to compel are granted.

### B. Communicating with Opposing Counsel

Plaintiff claims that Sedey spent 2.36667 hours communicating with opposing counsel on the motion to compel and underlying discovery request, for a total of $414.17. Time spent communicating with opposing counsel is reasonable time incurred making the motion. *Budget Rent-A-Car Sys., Inc. v. Consol. Equity, LLC*, No. 04 C 1772, 2005 WL 6088859, at *2 (N.D. Ill. Aug. 3, 2005). The time entries for these communications appear reasonable, and Defendant does not point to any error in these entries. Plaintiff's fees for communicating with opposing counsel are granted.

### C. Attending Hearings

Plaintiff claims Sedey spent 6.65 hours attending hearings on the motion to compel and Case spent 2.25 hours, for a total of $1,782.50. (Sedey's June 29 entry was evaluated as 1.25 hours for the hearing and 0.3333 for document review). Defendant objects, arguing that Plaintiff's lawyers had to be present at some of these hearings even absent a motion to compel so the fees are not "incurred" in making the motion to compel.

| STATEMENT |
|---|

Time spent preparing for and attending hearings is related to the motion to compel. *Arrington v. La Rabida Children's Hosp.*, No. 06 C 5129, 2007 WL 1238998 (N.D. Ill. Apr. 25, 2007). However, fees for time spent attending a hearing is not reasonable if the attorney would already be in court at the same time for a status hearing and no additional time is attributable to the motion to compel. *Loudermilk*, 2009 U.S. Dist. LEXIS 110313, at *7-8. In this case, the Court held a hearing on the motion to compel on April 22, and both a status hearing in addition to a continued hearing on the motion to compel on May 25, June 29, and July 13. The parties discussed general matters during the joint hearings but used a very significant portion of these hearings to resolve the motion to compel. Also, it is unlikely that some of the status hearings would have been held but for the motion to compel. Since some additional time was attributable to the motion to compel, unlike in *Loudermilk*, Plaintiff's fees associated with attending the joint hearings will be reduced by half. Plaintiff's fees for attending the hearings on the motion to compel are reduced to $1,062.50.

### D. Reviewing Documents

Plaintiff claims Sedey spent 7.5826 hours reviewing documents produced pursuant to the motion to compel, for a total of $1,326.96. Time spent reviewing documents may be reasonable if such a review is in relation to a motion to compel, but the time may also be excluded if the work most likely would have still been performed in the absence of a motion to compel. *See Primex, Inc. v. Visiplex Techs., Inc.*, No. 05 C 0515, 2006 WL 538992, at *3 (W.D. Wis. Feb. 24, 2006). In this case, it appears that the time spent reviewing documents would have been done regardless of the motion to compel. Although this is a closer call due to the limited descriptions on the time billed, the movant "bears the burden of demonstrating its hours and fees are reasonable" and Plaintiff failed to carry this burden. *Id.* at *2. Plainitff's fees for document review are denied.

### E. Responding to Motion to Reconsider

Plaintiff claims Sedey spent 0.87 hours reviewing Defendant's motion for reconsideration and Case spent 2.31667 hours reviewing and attending hearings on the motion, for a total of $789.33. If a motion for reconsideration attacks the original motion to compel, fees associated with defending against reconsideration fall under the fee shifting provision of Rule 37. *Catapult Commc'ns Corp. v. Foster*, No. 06 C 6112, 2009 WL 2707040, at *2 (N.D. Ill. Aug. 25, 2009); *but see Loudermilk*, 2009 U.S. Dist. LEXIS 110313, at *3 (a motion for reconsideration "does not risk additional sanctions unless the new motion is itself frivolous."). In this case, the motion for reconsideration was essentially a belated response to the motion to compel, and not a motion based on a separate and novel ground. Thus, the fees for defending against it can be shifted in the same manner that fees addressing a response to the motion to compel could be shifted. In addition, these fees were kept reasonably low considering that two hearings were required. Plaintiff's fees for the motion to reconsider are granted.

### F. Drafting Fee Petition

Plaintiff claims Sedey spent 0.35 hours drafting the fee petition, Case spent 2.029 hours, and the law clerk spent 1.86 hours, for a total of $768.03. Time spent preparing a fee petition can be shifted under Rule 37. *Catapult*, 2009 WL 2707040, at *2. In this case, the time spent was reasonable and Plaintiff's fee for drafting the fee petition is granted.

### III. Conclusion

Defendant's Motion for Reconsideration [56] is denied.
Plaintiff's Petition for Attorneys' Fees [61] is granted in part, in the amount of $4,038.14.