# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 759 | **DATE** | 4/18/2011 |
| **CASE TITLE** | Heneghan v. City of Chicago | | |

**DOCKET ENTRY TEXT**

For the reasons stated herein, Plaintiff's Motion for Clarification [103] is granted.

■ [ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Ann Heneghan, formerly a aviation security officer for the City of Chicago, filed the instant complaint against the City and Donald Wojcik alleging that Wojcik sexually harassed her in violation of Title VII, and the City failed to reasonably respond to that harassment.

Before the Court is Plaintiff's Motion for Clarification [103] of this Court's ruling granting in part and denying in part Defendant City of Chicago's Motion for Summary Judgment, which was joined by Defendant Donald Wojcik. Plaintiff seeks to present at trial her theory that Wojcik's sexual harassment and the City's inadequate response to it led to her constructive discharge, entitling her to front and back pay. The City contends that theory has been eliminated from the case and opposes the motion for clarification. Wojcik has joined in the City's opposition.

At issue is whether Plaintiff adequately pled a constructive discharge claim in Count I of her complaint, and if so, whether that claim survived summary judgment. Count I of Plaintiff's complaint is labeled "Title VII Gender Discrimination and Sexual Harassment Against Defendant Police Department." The Court noted in its summary judgment ruling that it was unclear whether Plaintiff was seeking to pursue a gender discrimination claim separate from her hostile work environment claim, but that regardless, she had failed to present a genuine issue of material fact that she had suffered any gender discrimination separate from her claim of sexual harassment. The Court found that Plaintiff's harassment/hostile work environment claim survived summary judgment, but did not address the issue of constructive discharge.

The Court granted the City's motion for summary judgment on Count II of the complaint, which alleged retaliation under Title VII. There, Plaintiff alleged that the City retaliated against her by denying her a leave of absence and terminating her after she formally complained about Wojcik. The Court ruled that Plaintiff's argument that she refused to return to work because it remained a hostile place was not persuasive evidence

that her termination was in retaliation for her harassment complaint, so the City was entitled to summary judgment on that Count.

Plaintiff argues she specifically pled constructive discharge, and that because the Court's ruling allowing Count I to go forward contained no caveats narrowing her claim for damages, she should be allowed to present her constructive discharge claim to the jury. Defendants argue that Plaintiff did not assert a constructive discharge claim in her pleadings.

Pleadings should be construed liberally, and a liberal reading of Plaintiff's complaint states a claim for constructive discharge in Count I. Plaintiff's complaint alleges that Wojcik's harassment of her was so severe that she feared for her safety and was unable to work on days when Wojcik was present. She contends that because the City refused to remedy the harassment she was unable to return to work and took sick leave and vacation time. When that was exhausted, she requested another leave, stating that she was unable work with Wojcik, but the City refused that request. When Plaintiff refused to return to work, she was fired.

To establish a claim for constructive discharge under Title VII, a plaintiff must prove that her working conditions were so intolerable as the result of unlawful discrimination that a reasonable person would be forced to quit. *Tutman v. WBBM-TV, Inc./CBS, Inc.*, 209 F.3d 1044, 1050 (7th Cir. 2000). The working conditions must be even more egregious than in the case of a hostile work environment claim because an employee ordinarily is expected to keep working while seeking redress. *Id.* Although it is undisputed that Plaintiff was ultimately fired, she argues that a jury could find that she had no intention of returning to work if she would have to be around Wojcik, so she was constructively terminated. *See Strickland v. United Parcel Service*, 555 F.3d 1224, 1229 (10th Cir. 2009) (holding that where plaintiff expressed a desire to continue working for company but refused to work in her former position, whether she stated a claim for constructive discharge was a question of fact for the jury).

Plaintiff pointed to evidence to support a constructive discharge claim in her response brief to Defendants' motion for summary judgment, although she did so only in the context of arguing that the City was strictly liable for Wojcik's harassment because he was her supervisor and his harassment ultimately resulted in a tangible employment action — the alleged constructive discharge. She pointed to her mother's deposition testimony that after Plaintiff filed a formal complaint against Wojcik, he approached her mother and threatened to put Plaintiff "in his book." Plaintiff interpreted that as a physical threat and refused to go back to work if there was any chance of contact with Wojcik. Plaintiff also put forth evidence that, although the City took steps to find alternate positions for Plaintiff, it could not guarantee her that all contact with him would be eliminated.

Because the Court ultimately found that Wojcik was not Plaintiff's supervisor, it did not further address Plaintiff's constructive discharge argument. The better practice would have been for Plaintiff to plead her constructive discharge claim in a separate count, and the Court notes that confusion on this issue could have been avoided had Plaintiff more plainly stated her claims in her complaint or her response to the summary judgment motion. As such, Defendants' argument that Plaintiff has altered her theory of the case is not entirely unpersuasive.

Nonetheless, "[t]he Federal Rules of Civil Procedure do not require a plaintiff to plead legal theories." *Vidimos v. Laser Lab Ltd.*, 99 F.3d 217, 222 (7th Cir. 1996). Rather, a Plaintiff can typically alter her theory of the case unless the change comes as an unfair surprise to the defendant or unreasonably protracts the lawsuit. *Id.* Here, Defendants do not allege they will be prejudiced if Plaintiff is allowed to go forward with

| STATEMENT |
|---|

her theory of constructive discharge. It is clear that both parties conducted discovery on the issue of the circumstances surrounding Plaintiff's termination.

Finally, the City argues that when the Court granted summary judgment on Count II of Plaintiff's complaint, alleging retaliation under Title VII, it found that the "Plaintiff failed to bring forward evidence of a materially adverse employment action which is attributable to the City." Because a constructive discharge is an adverse action, the City contends that this issue has already been resolved in its favor. However, the Court notes that in its ruling on Count II, it observed that a jury could find that the City's response to the harassment was unreasonable and that a hostile work environment remained. Further, in addressing Count I, the Court noted that a jury could find that Wojcik remained a physical threat to the Plaintiff. These findings would support Plaintiff's claim of constructive discharge. Therefore, the Court clarifies that its ruling granting summary judgment on Count II hinged on Plaintiff's failure to put forth any evidence that the City's denial of her request for leave or her termination were in retaliation for filing a harassment complaint.

For these reasons, Plaintiff's Motion for Clarification is granted.