**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ANN HENEGHAN,** | ) | |
| **Plaintiff,** | ) | **No. 09 CV 0759** |
| | ) | |
| **v.** | ) | **Judge Leinenweber** |
| | ) | |
| **CITY OF CHICAGO and** | ) | |
| **DONALD WOJCIK,** | ) | |
| **Defendants.** | ) | |

**DEFENDANT CITY OF CHICAGO'S MOTION
FOR RECONSIDERATION OR, IF NECESSARY
FOR LEAVE TO REOPEN EXPERT DISCOVERY**

Defendant City of Chicago ("City") moves this Court to reconsider its April 18, 2011, order granting Plaintiff's Motion for Clarification and clarifying this Court's previous order granting in part and denying in part the City's motion for summary judgment. If this motion is not granted, the City moves for leave to reopen expert discovery, either before or after trial, regarding equitable damages.

## INTRODUCTION

The City respectfully requests this Court to reconsider its ruling that Plaintiff is allowed to present a constructive discharge claim at trial. In granting Plaintiff's motion for clarification, this Court made two manifest errors of law. First, relying on a Tenth Circuit case, cited by Plaintiff's Counsel, this Court held that a jury could find that Plaintiff was constructively discharged even though it is undisputed that the City terminated her employment. Doc. No. 107. In making such a ruling, this Court failed to recognize unequivocal Seventh Circuit precedent that terminated employees cannot bring a claim of constructive discharge as a matter of law. *Jordan v. City of Gary*,

396 F.3d 825, 837 (7th Cir. 2005); *Mackenzie v. Potter*, 219 Fed. Appx. 500, 503 (7th Cir. 2007). Second, this Court held that the question of whether or not a reasonable person would have feared bodily harm could go to a jury, even though the only action Wojcik took that could have been interpreted as a threat was his enigmatic statement to Plaintiff's mother that Plaintiff "was in [his] book." *See* Plaintiff's Response to City's Statement of Facts (Doc. No. 82) ¶ 48; Doc. No. 107. However, Seventh Circuit precedent establishes that single vague threats are not sufficient to sustain a claim of constructive discharge. *Tutman v. WBBM-TV, Inc.*, 209 F.3d 1044, 1050 (7th Cir. 2000). For these reasons, addressed in further detail below, the City respectfully requests that this Court reconsider its April 18, 2011, order.

If this motion is not granted, the City respectfully requests that the Court reopen expert discovery either before trial or after trial, if the City is found liable for constructive discharge at trial and plaintiff seeks equitable damages such as back pay or front pay. Back pay and front pay are equitable remedies to be decided by the Court. *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 499-501 (7th Cir. 2000).

**ARGUMENT**

Motions for reconsideration serve the limited function of correcting manifest errors of law or fact, or to consider newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987); *see also Champions World LLC. v. Unites States Soccer Federation, Inc.*, 06 C 5724, 2007 WL 2198366, *1 (N.D. Ill. July 31, 2007) (Leinenweber, J.). A manifest error of law "is not demonstrated by the disappointment of the losing party," but "is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins., Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *see also U.S. v. Olsen*, 98 C 2170, 2001 WL 817854, *2 (N.D. Ill. July 19,

2001) (Darrah, J.) (granting the United States' motion to reconsider the court's granting of defendant's summary judgment stating that the Court erred in finding that the United States waived its claim of nominee ownership and overlooked the U.S.'s fraudulent conveyance claim in a tax liens case). Here, this Court failed to consider Seventh Circuit decisions holding that, as a matter of law, constructive discharge claims can be brought only by employees who resign or quit, not those who have been undisputedly terminated. *Jordan*, 396 F.3d at 837; *Mackenzie*, 219 Fed. Appx. at 503. This Court erred as a matter of law also in ruling that Wojcik's statement to Plaintiff's mother that Plaintiff "was in [his] book" was sufficient evidence for a jury to find that Plaintiff reasonably feared severe physical harm. *Tutman*, 209 F.3d at 1050. Therefore, the City moves this Court to reconsider its prior ruling and hold that Plaintiff is barred from presenting a constructive discharge claim to the jury.

### A. In the Seventh Circuit, a Terminated Plaintiff Cannot Bring a Constructive Discharge Claim.

In its April 18, 2011, order, the Court held that "although it is undisputed that Plaintiff was ultimately fired, she argues that a jury could find that she had no intention of returning to work if she would have to be around Wojcik, so she was constructively terminated." Doc. No. 107. To support this contention, the Court cites a Tenth Circuit case, *Strickland v. United Parcel Service*, 555 F.3d 1224, 1229 (10th Cir. 2009), which was also cited by Plaintiff in her response brief to summary judgment. Preliminarily, it should be noted that the Tenth Circuit case differs both factually and procedurally from the case at hand. In *Strickland,* the plaintiff informed her supervisor that she was leaving work, never returned to work, and was administratively terminated one year later, though the plaintiff testified that she did not resign but was only "going on leave." 555 F.3d at 1227. The Tenth Circuit held that it was improper for the district court to grant a directed verdict in favor of

the employer on the constructive discharge claim, and instead, the jury should have decided whether or not the plaintiff intended to "only take temporary leave" or had "no intention of returning to work." *Id*. at 1229. *Strickland* has never been cited for this proposition in any Seventh Circuit decision or in any previous Northern District of Illinois court decision. By relying on *Strickland*, this Court fails to acknowledge contrary Seventh Circuit precedent that holds that as a matter of law, a terminated employee cannot bring a claim of constructive discharge. *Jordan v. City of Gary*, 396 F.3d 825, 837 (7th Cir. 2005); *see also Mackenzie v. Potter*, 219 Fed. Appx. 500, 503 (7th Cir. 2007).

The Seventh Circuit has consistently held that "[w]e can make it no plainer than to reiterate that constructive discharge 'refers to a situation in which an employee is not fired but quits.'" *Jordan*, 396 F.3d at 837 (7th Cir. 2005), *citing McPherson v. City of Waukegan*, 379 F.3d 430, 440 (7th Cir. 2004). In *Jordan*, the plaintiff failed to return to work after serving a suspension, and was ultimately terminated by her employer for being absent without leave. *Id.* at 830. The *Jordan* Court held that because the plaintiff was undisputedly terminated, she could not bring a claim of constructive discharge, and upheld summary judgment in favor of the employer. *Id.* at 837. Similarly, in the 2007 case of *Mackenzie v. Potter*, the Seventh Circuit upheld summary judgment in favor of the employer on plaintiff's constructive discharge claim because it was undisputed that the plaintiff did not resign, but instead, was eventually discharged when she failed to return to work. 219 Fed. Appx. at 502-503. The *Mackenzie* court held that the plaintiff "did not show that she was constructively discharged because she was actually fired...." *Id*. Most recently, a Northern District of Illinois court granted summary judgment to the defendant employer, citing *Jordan*, holding that the plaintiff could not bring an "alternative claim of constructive discharge" in addition to a

retaliatory termination claim when it was undisputed that he was terminated. *Smith v. Bianchetta*, 09-cv-3615, 2011 WL 1113200 7, *12-13 (N.D. Ill. March 22, 2011) (Darrah, J.).

Plaintiff might attempt to argue that the City has waived the argument that under Seventh Circuit law, terminated employees cannot bring a constructive discharge claim because it did not cite specifically to *Jordan v. City* or *Mackenzie v. Potter* in its Reply brief to summary judgment. Such an argument should be rejected for several reasons. First, prior to Plaintiff's Motion for Clarification, there was considerable confusion over whether or not Plaintiff was actually bringing a constructive discharge claim, which this Court itself noted "could have been avoided had Plaintiff more plainly stated her claims in her complaint or her response to the summary judgment motion." Doc. No. 107. Second, the City did challenge the Plaintiff's reliance on the Tenth Circuit case in its Reply. *See* City's Reply to Summary Judgment (Doc. No. 85-1) at p. 16. Furthermore, under Federal Rule of Civil Procedure 11(b), Plaintiff's counsel had a duty to investigate Seventh Circuit law before urging this Court to follow contrary Tenth Circuit precedent on the issue, and alert the Court to binding Seventh Circuit precedent.[1] Fed. R. Civ. P. 11(b). By citing solely to the Tenth Circuit case of *Strickland* in her Response brief, Plaintiff's Counsel either was unaware of contrary Seventh Circuit precedent or omitted it and did not argue that this Court should reverse or modify existing law. *See* Plaintiff's Response to Summary Judgment (Doc. No. 79) p. 8-9. Regardless, it would be wasteful of court resources to allow the parties to try a claim that as a matter of law in the Seventh Circuit, Plaintiff cannot bring.

---

1 "By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it - an attorney [] certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances....the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law, or establishing new law." Fed. R. Civ. Proc. 11(b)(2).

Because (as this Court acknowledges) it is undisputed that Plaintiff was terminated by the City, Seventh Circuit precedent establishes that as a matter of law, she cannot bring a constructive discharge claim. *See* Doc. No. 107; *Jordan*, 396 F.3d at 837; *Mackenzie*, 219 Fed. at 503; *see also Bianchetta*, 2011 WL 1113200 at *12-13. Therefore, by relying exclusively on Plaintiff's cited Tenth Circuit case of *Strickland*, this Court has erred as a matter of law and disregarded Seventh Circuit precedent. The City respectfully requests that this Court reconsider its ruling allowing Plaintiff to bring a constructive discharge claim at trial, and rule instead that because Plaintiff was terminated by the City, she cannot bring a constructive discharge claim as a matter of law.

**B. In the Seventh Circuit, Wojcik's Single Alleged Threat Is Not Sufficient to Sustain a Claim of Constructive Discharge.**

Even though the undisputed fact that plaintiff was terminated bars her claim of constructive discharge as a matter of law, alternatively, the City moves this Court to reconsider its ruling denying the City's motion for summary judgment on the grounds that Wojcik's singular vague perceived threat is not sufficient to sustain a claim of constructive discharge. Doc. No. 85-1 at p.15-16. The Seventh Circuit has noted that constructive discharge claims are notoriously difficult to prove, as a plaintiff's working conditions must be even more egregious than the high standard for hostile work environment claims. *Cooper-Schut v. Visteon Automotive Systems*, 361 F.3d 421, 428-429 (7th Cir. 2004). As such, a finding of sexual harassment and hostile work environment does not necessarily require a finding of constructive discharge. *Pa. State Police v. Sunders*, 542 U.S. 129, 146 (2004). In its April 18, 2011, order, this Court clarified its earlier summary judgment ruling holding that because of Wojcik's alleged statement to Plaintiff's mother that he would put Plaintiff "in his book," "a jury could find that Wojcik remained a physical threat to the Plaintiff [and] [t]hese findings would support Plaintiff's claim of constructive discharge." Doc. No. 107. This Court's ruling disregards

Seventh Circuit precedent that singular vague threats cannot support a finding of constructive discharge. *Tutman*, 209 F.3d at 1046; *see also Chapin v. Fort-Rohr Motors, Inc*., 621 F.3d 673, 679 (7th Cir. 2010) (one threat cannot be basis for constructive discharge claim).

Seventh Circuit precedent establishes that singular, vague, verbal threats are not sufficient to establish a claim of constructive discharge. *Tutman*, 209 F.3d at 1046. In *Tutman*, a co-worker commented to the plaintiff twice, "Get the f--k out of the office before I pop a cap in your ass" which is slang for shooting a person, and then engaged in racist caricatures of African-Americans. *Id.* at 1046. The Seventh Circuit upheld summary judgment for the employer on the plaintiff's constructive discharge claim ruling that the co-worker's statement, "pop a cap in your ass," was not a credible death threat and a reasonable person would not have feared for his safety such that he would feel forced to resign. *Id*. at 1050; *see also Henly v. Andrew Corporation*, 98 C 4841, 2001 WL 1104603, * 7 (N.D. Ill. 2001) (Darrah, J.) (single threat by harasser to molest plaintiff, followed by instances of staring at her, would not cause a reasonable person to feel forced to resign).

The *Tutman* court distinguished cases which contained one lone oblique threat which would not support a constructive discharge claim, with those that contained "a credible death threat that signals grave danger to the plaintiff." 209 F.3d at 1050; *see Taylor v. Western & Southern Life Ins*. Co., 966 F.2d 1188, 1191, 1199 (7th Cir. 1992) (a jury could find constructive discharge where plaintiffs' boss brandished a pistol and held it to the temple of one plaintiff's head, took a picture, then circulated the picture at a company meeting stating "this is what a n-gger looks like with a gun to his head"); *Brooms v. Regal Tube Co*., 881 F.2d 412, 417 (7th Cir. 1989) (constructive discharge claim established where a co-worker showed plaintiff a racist pornographic photograph, told her she was hired to perform the sexual task depicted, grabbed her, and threatened to kill her); *Porter v. Erie*

*Foods Int., Inc*., No. 08-1996, 2009 WL 2431991, *6-8 (7th Cir. Aug. 7, 2009) (co-workers' display of nooses in plaintiff's work area was conduct of a sufficient egregious nature for purposes of constructive discharge claim). Wojcik's alleged comment to Plaintiff's mother that Plaintiff was "in his book" does not come close to the death threats held by the Seventh Circuit to support claims for constructive discharge in *Taylor, Brooms*, and *Porter.*

Plaintiff's constructive discharge claim is even weaker than the constructive discharge claim rejected by the Seventh Circuit in *Tutman*. 209 F.3d at 1046. In *Tutman*, the co-worker's statement was known to be gang slang for shooting a person, whereas here, Plaintiff testified at her deposition that even she did not know what Wojcik meant when he allegedly said she was being "put in his book." *Tutman*, 209 F.3d at 1046; Doc. No. 82, ¶ 48. Further, Plaintiff does not allege that Wojcik ever touched her, tried to touch her, threatened to touch her, or made any statements regarding any physical contact with her prior to telling someone she was "in his book," and the majority of Plaintiff's allegations against Wojcik regard third party harassment. Doc. No. 82, ¶¶16-41, 46-48. As such, a reasonable person in Plaintiff's position would not feel she was in danger of serious physical harm if she remained at work.

In sum, Wojcik's one-time statement to a third party cannot sustain a constructive discharge claim. Therefore, the City respectfully requests this Court to reconsider its ruling as to Plaintiff's constructive discharge claim on these alternative grounds and grant the City's motion for summary judgment as to any claim of constructive discharge.

**C. In the Seventh Circuit, the Mere Potential Presence of Wocjik in the Workplace Is Not Enough to Establish Constructive Discharge.**

To prove a constructive discharge claim, not only must the plaintiff establish egregious harassing conduct above the bar of what constitutes a hostile work environment, she must also prove

that her employer's response to the conduct was unreasonable. *Tutman*, 209 F.3d at 1050. Here, the Court ruled that despite reassigning Wojcik to a separate shift than Plaintiff, because the City "could not guarantee [Plaintiff] that all contact with [Wojcik] would be eliminated" a jury could find that Wojcik posed a danger to Plaintiff. Doc. No. 107. This ruling is contrary to decisions in the Seventh Circuit holding that the mere potential presence of the accused harasser in the workplace is not enough to establish constructive discharge. *See Sacramento v. City of Chicago*, 07 C 4267, 2010 WL 2740305 *11 (N.D. Ill. July 12, 2010) (Lefkow, J.) (continued presence of accused harasser who slapped and held plaintiff by itself would not have caused a reasonable person to fear serious physical harm or feel forced to resign); *Mackenzie v. Potter*, 04 C 4070, 2006 WL 1005127 * (N.D. Ill. April 14, 2006) (Aspen, J.) (*affirmed*, 219 Fed. Appx. 500 (7th Cir. 2007)) (mere potential presence of harasser in workplace, who was removed as plaintiff's supervisor, does not warrant constructive discharge); *McGowan v. The Palmer House Hilton Hotel Co*., No. 00 C 0733, 2000 WL 1222196,*6 (N.D. Ill. Aug. 24, 2000) (Conlon, J.) (mere presence of the sexual harasser in the workplace with plaintiff does not constitute constructive discharge). Indeed, the only circumstances in which a court in the Seventh Circuit has found that the mere continued presence of the alleged harasser in the work place could support a claim of constructive discharge is where the alleged harasser admittedly raped the plaintiff, and sexually assaulted two other women at work. *Quiroz v. Gamma Construction*, 97 C 0480, 1999 WL 59836 *22 (N.D. Ill. Jan. 27, 1999) (Coar, J.).

Similarly, the Seventh Circuit has held that "an employee has not acted reasonably if she assumes the employer will fail to protect her without allowing the employer a chance to try." *Cooper-Schut*, 361 F.3d at 429; *see also Porter,* 2009 WL at *8; (employer's diligent and prompt investigation into sole complaint of harassment is an effective defense against constructive discharge

claim); *Tutman*, 209 F.3d at 1050; (plaintiff's refusal to return to work after the employer punished harasser for lone incident of racially motivated death threat and separated the individuals is not constructive discharge); *McGowan*, 2000 WL at *2-6 (N.D. Ill. Aug. 24, 2000) (allegations that co-worker rubbed up against plaintiff's body, grabbed her shirt to look at her breasts, repeatedly asked her out, and referred to her as "his girl" did not establish constructive discharge after employer disciplined harasser and ordered him to have no contact with plaintiff).

Here, the Court ruled that because the City could not "guarantee" that she would never see Wojcik in the course of her employment with the City, a jury could find she was forced to quit her job. Doc. No. 107. However, no such "guarantee" was required to stave off a constructive discharge claim. Plaintiff and this Court assume that the City would not have protected Plaintiff after Wojcik made his lone, perceived threat of putting Plaintiff in his book, and that there would have been further contact or threats by Wojcik. However, there are no facts in the record that Wojcik had any other contact with Plaintiff or her mother after he allegedly made this statement.

In sum, the undisputed facts in this case do not give rise to the extreme circumstances necessary to show that Wojcik's mere continued presence at in the workplace on a separate shift constituted a credible threat of severe physical harm to Plaintiff. Therefore, the City respectfully requests this Court to reconsider its ruling as to Plaintiff's constructive discharge claim on these alternative grounds and grant the City's motion for summary judgment as to any claim of constructive discharge.

**D. In the Event that the City's Motion for Reconsideration Is Denied, the City Should Have the Opportunity to Present Expert Testimony Regarding Equitable Damages.**

If the Court denies the City's motion for reconsideration and allows Plaintiff's constructive discharge claim to stand, the City respectfully requests that the Court reopen expert discovery either before trial or after trial, if the City is found liable for constructive discharge and Plaintiff seeks equitable damages such as back pay or front pay. Back pay and front pay are equitable remedies to be decided by the Court. *Pals*, 220 F.3d at 499-501. There is no need to submit such matters to the jury. *Id.* If the jury finds the City liable for constructive discharge and Plaintiff seeks equitable damages such as back pay or front pay, the City should have the opportunity to retain experts to address the issue of appropriate back pay and front pay, if any. The City did not previously request permission to designate such experts because, based on the Court's original summary judgment ruling, back pay and front pay were not available to Plaintiff. Granting this request will not delay the scheduled trial and will not unduly prejudice Plaintiff, while it will provide the Court with valuable expert assistance in calculating equitable damages.

**CONCLUSION**

For the above stated reasons, the City respectfully requests that this Court reconsider its April 18, 2011, ruling that Plaintiff may present a claim of constructive discharge to a jury, and instead hold that Plaintiff is barred from presenting a claim of constructive discharge because she was undisputedly terminated from her employment and because she has not presented evidence necessary to sustain a claim of constructive discharge. If the City's Motion to Reconsider is not granted, the

City moves for leave to reopen expert discovery either before trial or after trial, if the City is found liable for constructive discharge at trial.

**Dated:** May 4, 2011

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel for the City of Chicago

By: */s/ Alexandra C. Relias*
ALEXANDRA C. RELIAS
TIMOTHY L. SWABB
PETER A. AHMADIAN
Assistants Corporation Counsel

City of Chicago Department of Law
Employment Litigation Division
30 N. LaSalle St., Suite 1020
Chicago, IL 60602
(312) 744 - 4939/8369/0898