# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 759 | **DATE** | 10/3/2011 |
| **CASE TITLE** | Heneghan vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Bill of Costs is granted in part and denied in part. Plaintiff is liable to Defendants in the amount of $11,346.66.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On July 21, 2011, this Court entered judgment on a jury verdict in favor of Defendants Donald Wojcik and the City of Chicago in Plaintiff's sexual harassment lawsuit. Defendants now seek a total award of $11,411.26 in costs, of which $11,048.29 is for the City and $362.97 is for Wojcik.

Under Fed. R. Civ. P. 54(d), a prevailing party is entitled to recover costs, other than attorney's fees, which are set forth in 28 U.S.C. § 1920. These recoverable costs include: (1) fees of the clerk; (2) fees for transcripts; (3) fees for printing and witnesses; and (4) fees for copies of papers necessarily obtained for use in the case. There is a strong presumption in favor of awarding costs to the prevailing party. *Weeks v. Samsung Heavy Indust. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). However, district courts have wide discretion in determining what constitutes taxable costs. *Deimer v. Cincinnati Sub-Zero Prods, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). The Court must closely scrutinize such expenses, and Defendants are entitled to recover costs only if they are allowable under § 1920 and reasonable in amount and necessity to the litigation. *Marcus & Millichap Real Estate Invest. Servs. Inc. v. Sekulovski*, No. 07 C 5369, 2010 WL 145785, at * 8 (N.D. Ill. Jan. 12, 2010) (internal citations omitted).

As a preliminary matter, Plaintiff challenges Wojcik's recovery of costs because neither he nor his attorney submitted a sworn affidavit detailing his costs, as required by 28 U.S.C. § 1924. The City's attorney, however, has submitted such an affidavit, and the City represents that it is paying Wojcik's costs. Given that assertion, the affidavit from the City's attorney is sufficient. Plaintiff also challenges Wojcik's submission of copies of checks rather than detailed invoices, but the Court finds the documentation submitted sufficient. The Court will consider each category of requested costs.

**Photocopying Costs**

Fees for copies that are necessarily obtained for use in the case are recoverable. 28 U.S.C. § 1920(4). This means that photocopying charges made for discovery and court copies are recoverable, but those made for the convenience of the lawyer are not. *See Neuros Co., Ltd. v. KTurbo, Inc.*, No. 08 C 5939, 2011 WL

| STATEMENT |
|---|

3841683, at *5 (N.D. Ill. Aug. 25, 2011). Such documents need not be introduced at trial. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991).

The City requests $2,834.60 and Wojcik $90.53 in photocopying costs. This amount is for the expense of reproducing pleadings and motions, discovery, and trial exhibits. The City seeks to recover at a rate of $0.20 per page for in-house black-and-white copying, and $1.00 per page for in-house color copying. The Court agrees with the City that it may appropriately recover the cost of one copy of each pleading or motion filed in the case, as well as one copy of each discovery document. While Plaintiff challenges Defendants' descriptions of the documents as vague, the City has provided a description of each document, the number of pages, and the cost per page. The City taxed for more than one copy only of its trial exhibits and a deposition transcript used at trial, and explained why the copies were needed. The City's photocopying costs appear reasonable.

Plaintiff additionally challenges the rate of $0.20 per page for black-and-white copies and $1.00 per page for color copies, but courts within this district have previously found such fees to be reasonable. *See, e.g.*, *Sekulovski*, 2010 WL 145785, at * 11. *Vito & Nick's, Inc. v. Barraco*, No. 05 C 2764, 2008 WL 4594347, at *5 (N.D. Ill. Oct. 10, 2008). Wojcik's costs likewise appear reasonable, so Defendants may recover their photocopying costs. In sum, then, Defendants may recover $2,925.13 in photocopying costs.

**Deposition Costs**

Next, the City seeks to recover deposition costs in the amount of $8,213.69 for depositions that it contends were reasonable and necessary in this case. Courts may award deposition costs, including the costs of transcripts and reasonable appearance fees. 28 U.S.C. § 1920(2); *see Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). A deposition need not be used at summary judgment or at trial in order for the Court to find that it was necessary. *Cengr v. Fusibond Piping Sys. Inc.*, 135 F.3d 445, 455 (7th Cir. 1998).

The City seeks to recover transcript costs of a maximum of $3.65 per page, which is the maximum rate set by the Judicial Conference of the United States. *See Maximum Transcript Rates*, http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm (last visited Sept. 15, 2011). These costs are reasonable. Further, the Court rejects Plaintiff's argument that the City should not be able to recover for certain depositions because they were not used to present evidence to the Court. These potential witnesses, Curtis Booker, Sharon Dancy, Michelle Shumaker, and Esperanza Mora, were identified by the Plaintiff in her initial disclosures as witnesses who would support her claim. It was reasonable for the City to depose them, and the costs are recoverable.

Plaintiff also argues that the City should not be able to recover $115 for the shipping or delivery of transcripts. Although the Court has discretion to award such fees, *see Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995), it has repeatedly held that shipping and delivery fees constitute an ordinary business expense, and as such will not award them in this case. *See Alcazar-Anselmo v. City of Chicago*, No. 07 C 5246, 2011 WL 3236024, at *9 (N.D. Ill. July 27, 2011). However, the Court calculates only $61 in disallowable shipping/delivery fees.

Plaintiff also challenges the City's request of $14.55 for an expedited transcript of proceedings shortly before trial in which the Court denied Defendants' motion to reconsider a previous ruling and reopen discovery. The Court will allow the City to recover the standard cost for a transcript of this ruling, which amounts to $10.95.

In sum, then, the City is entitled to recover $8,149.09 in deposition costs.

**Subpoena and Witness Fees**

Wojcik seeks to recover $272.44 in process server and witness fees. Fees for witnesses are recoverable under 28 U.S.C. § 1920(3). A witness must be paid $40 per day for each day's attendance at

| STATEMENT |
|---|
| court. 28 U.S.C. § 1821(b). Wojcik seeks to recover $175 in witness fees for seven witnesses. Wojcik also seeks to recover the costs of subpoenas served on trial witnesses via U.S. Mail. Wojcik served seven witnesses via U.S. mail for a total of $97.44. Prevailing parties may recover service costs that do not exceed the marshal's fees, no matter how service is effectuated. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The allowable cost for service of process by the marshal is $55 per hour plus expenses. 28 C.F.R. § 0.114(a)(3). As such, these costs are recoverable in the amount of $272.44.<br><br>      In sum, Defendants' Bill of Costs is granted in part and denied in part. Plaintiff is liable to Defendants in the amount of $11,346.66. |